**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Pierce Food Service Equipment, | ) | Case No. 15-40011 |
| Debtor. | ) | Judge Donald R. Cassling |

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This cause coming on the Motion of Pierce Food Service Equipment ("the Debtor") for on a continued hearing for entry of an Order Authorizing Use of Cash Collateral and Granting Adequate Protection (the "Motion") [Docket No. 5], and the Court being fully advised in the premises;

IT IS HEREBY FOUND THAT:

    A.    Due notice of the Motion has been given to all parties entitled thereto;

    B.    This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2), and the Court has jurisdiction over the matters raised in the Motion under 28 U.S.C. 157 and 1334;

    C.    The relief requested in the Motion is in the best interests of Debtor, its estate, creditors, and other parties in interest;

    D.    Seaway Bank & Trust asserts secured claims against some or all of the Debtor's assets, including the Debtor's cash and accounts receivable;

    E.    The Debtor asserts that Seaway Bank & Trust does not hold a claim secured by some or all of the Debtor's assets and that no party in interest holds a claim secured by some or all of the Debtor's assets; and

    F.    Good and sufficient cause exists for the granting of the relief requested in the Motion as set forth herein.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Motion is granted on a final basis as provided herein.  Except as expressly set forth herein, the terms and conditions of this Order (the "Interim Cash Collateral Order") shall continue in full force and effect though the entry of an Order Confirming Chapter 11 Plan.

2.    To the extent Seaway Bank & Trust has valid, perfected, and enforceable security interests, or other interests, in Debtor's cash and/or accounts receivable and other collateral may be reduced to cash (the "Cash Collateral"), the Debtor may use the Cash Collateral to pay those items delineated in the budged (the "Cash Collateral Budget") attached to this Order as Exhibit A, with a variance from actual-to-projected weekly disbursements not to exceed 10%, on a cumulative basis. The Debtor's permission to use the Cash Collateral as provided herein shall be final and continue through the entry of an Order Confirming Chapter 11 Plan.

3.    In the event actual weekly disbursements exceed the Cash Collateral Budget by more than 10% on a cumulative basis, Seaway Bank & Trust may, upon not less than five (5) business days' prior written notice to Debtor's counsel, obtain a hearing on relief from the Automatic Stay provided in Section 362 of the Bankruptcy Coode; except that Seaway Bank & Trust shall not be entitled to such a hearing on this basis if actual disbursements are greater than 10% above the Cash Collateral Budget on a cumulative basis (i) the Debtor provides written notice to Seaway Bank & Trust prior to the making of any such disbursements, and (ii) either (x) Seaway Bank & Trust consents in writing, or (y) Seaway Bank & Trust does not object in writing to such disbursements within twenty-four (24) hours of receipt of such notice. Notice as described in the paragraph shall be made by email to counsel who have appeared in this case.

4. Except as set forth herein, the Debtor and Seaway Bank & Trust reserve their respective rights with regard to Seaway Bank & Trust assertion of secured claims against the Debtor. Nothing in this Interim Cash Collateral Order shall be construed to impair the rights of Seaway Bank & Trust to assert any claims (including claims to have liens against additional collateral) or the rights of the Debtor, any committee appointed in this case, or any other entity to contest the validity, priority, perfection or amount of the Secured Claims.

5. Adequate protection payments made pursuant to this Order are subject to disgorgement by Seaway Bank & Trust upon a finding that Seaway Bank & Trust does not hold a claim secured by the cash assets of the Debtor

6. This Interim Cash Collateral Order is immediately enforceable upon entry.

ENTER:

Date: _____, 2015

_____
United Stated Bankruptcy Judge